FILED
SUPERIOR COURT
OF GUAM

2018 MAR 19 AM 9: 09

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| REDINA J. PEREZ, | ) Child Support Case No. CS0249-16 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| | ) |
| | ) |
| SICKSON S. TONAW, | ) |
| | ) |
| Defendant. | ) |
| | ) |

The Office of the Attorney General, Child Support Enforcement Division ("CSED") filed a Complaint for Child Support against Defendant on September 9, 2016. At the Defendant's second appearance on January 10, 2017, the court set child support at $661.30 pursuant to the Child Support Worksheet filed with the Complaint on September 15, 2016. The matter was set for an April 2017 for calculation of arrears. At the April hearing, Defendant demonstrated that he had been making $100 per month child support payments to the Plaintiff, so the matter was continued to June to ascertain how much had been paid directly to the Plaintiff outside this child support case. Also at the April 2017 hearing, the Defendant first stated to the court that he would be requesting a deviation from the guidelines.

The deviation request proceeded before the Court on June 20, 2017, along with the issue of arrears. Because payments from Defendant's employer had to be double checked, deviation and arrears were continued again to August 22, 2017, and then again to November 21, 2017.

The CSED Office filed an August 3, 2017 Statement of Arrears. This AG's request for arrears incorporated CSED's request for monthly child support in the amount of $616.30 per month starting January 1, 2016. The AG also requested retroactive child support back to date of separation based on reconstructed worksheets based on income for years 2011, 2012, 2013, 2014, and 2015. The AG initially requested arrears of $19,597.92 as supported by the Submission of Updated Statement of Arrears – Retroactive Child Support filed by CSED on August 3, 2017. However, the reconstructed worksheets are based on support of two children.

On August 22, it was confirmed that only one of the two children in the case was under the age of six at the time that the Complaint was filed on September 9, 2016. Therefore, any calculation of arrears could only go back to the date of separation for the youngest child, born on September 23, 2010. Therefore, the calculations for the support of two children as shown in the Aug. 3, 2017, Statement of Arrears were in error, as they were calculated for two children instead of one child. The court ordered at the August 22, 2017 hearing that arrears were to be re-calculated to reflect that the arrears prior to date-of-filing should be calculated for only one child.

On November 21, 2017, counsel for CSED presented new worksheets in court that reflected support for only one child prior to date-of-filing. For each of the years that the Defendant did not support the youngest child, the government calculated what Mr. Tonaw's child support would have been. On the record, counsel for CSED stated that new worksheets which were circulated in the hearing would be filed. Both the court and counsel quoted from

the newly constructed worksheets prepared by CSED counsel, so these worksheets were in existence at the time of the hearing. However, perhaps inadvertently, none are on file. However, both the court and counsel relied on the missing worksheets during the November 21, 2017 hearings. In addition to using these worksheets, the government received confirmation that Mr. Tonaw had paid $100 to Plaintiff for many months, and Defendant was therefore credited with total payments of $9,526.73.[1] Using the worksheets that are not yet on file, the court reduced the Defendant's arrears to judgment on November 21, 2017, to the amount of $11,594.30. The Defendant agreed to pay the arrears at $10.00 per month. However, because the corrected worksheets are not yet on file, the entry of the arrears reduced-to-judgment awaits filing of supplemental documents.

Also at the November 21, 2017 hearing, Defendant's paycheck stubs were extensively discussed in the court's continued consideration of his motion for a deviation. The pay stubs did not establish a pattern of overtime, but showed that Defendant worked overtime sometimes.

The Defendant's worksheet in support of deviation showed that the Defendant lived modestly. None of his expenditures were extravagant, and there was no evidence that another wage earner was contributing to Defendant's household. The court granted a downward deviation to $550 a month temporarily for three future months to terminate February 2018 due to Defendant's claim of economic hardship. The court took under advisement whether the deviation to $550 would continue past February. The court also decided that the deviation would begin in July 2017 because the deviation papers were presented to the court (by way of

---

[1] The amount of credits attributed to Mr. Tonaw is not memorialized in any document on file so this may not be the correct amount of credits received by Mr. Tonaw from his $100/month payments since 2013. The arrears reached by the court, after discussion on the record, need to be substantiated by a Statement of Arrears. In addition to the corrected reconstructed income sheets from 2011, 2012, 2013, 2014 and 2015, counsel for CSED should submit a new Statement of Arrears to substantiate $11,594.30. If $11,594.30.is not the correct amount of arrears, CSED should notice arrears for further hearing at CSED counsel's convenience.

the AG's filing of "Submission of Defendant's Financial Declaration") on July 6, 2017. Therefore, the child support of $661.30 which was ordered by the court on January 10, 2017 would apply starting September 2016, when the case was filed, and end on July 2017.

On November 21, 2017, the court granted a downward deviation to $550 per month for the following reasons: Although his 2016 income supported the amount of $661.30, the Defendant's income was never shown conclusively to have supported $661.30 per month thereafter. The court stated on August 22, 2017 that the $14.79 per hour made by the Defendant did not support the child support ordered of $661.30. The $661.30 calculation had been made on the basis of a time during which the Defendant made provable overtime.

At the August 22, 2017 hearing, CSED was encouraged to provide some evidence that the Defendant could expect to continue to work overtime, since the law requires that overtime pay must be reliable before it is taken into account in child support determinations. In some states, the law reflects a policy that parents should not be encouraged or required to work more than 40 hours per week merely because he did in the past. An Iowa appellate court, for instance, opined that "a parent's child support obligation should not be so burdensome that the parent is required to work overtime to satisfy it." *In re: Marriage of Heinemann*, 309 N.W.2d 151 153 (Iowa App. 1981); *see also Meredith v. Meredith*, 854 N.E.2d 942 (Ind. Appl. 2006) As another court put it, "Were we to base his support obligation in part on his overtime pay, we would clearly be requiring him to work overtime to satisfy his obligation." *In re: Marriage of Close*, 478 N.W.2d 852, 855 (Iowa App. 1991).

Counsel for the government was invited to present factual evidence or legal authority for the court to include overtime in Mr. Tonaw's case. Defendant gave the name of Mr. Tonaw's

supervisor at his place of employment so that they could get a statement from him regarding reliability of overtime. Nothing was filed.

Due to the unreliability of overtime, the parties could not establish whether the child support amount of $550 per month was a deviation from the Defendant's income of $14.79 per hour. If the Defendant's income is calculated at a straight $14.79 per hour, his child support as determined by the guidelines is $518.74 per month.

|  | Obligor: | Obligee: |
|---|---|---|
| Monthly Gross Income: | 2563.60 | 1430.00[2] |
| Deduction | 775.00 | 775.00 |
| Adjusted Monthly Gross Income: | 1788.60 | 655.00 |
| Cost of supporting other children: | 0 | |
| Adjusted Gross Income: | 1788.60 | 655.00 |

| | |
|---|---|
| Combined adjusted gross income | 2443.60 |
| Number of children support requested | 2 |
| Percentage to use from guidelines | .2918 |
| Basic child support obligation | 713.04 |

|  | | |
|---|---|---|
| Each parent's percentage of combined income | 73% | 27% |
| Each parent's obligation | 520.52 | 192.52 |

There is no justification on the record for keeping the Defendant's child support at $661.30 per month. For this reason, the amount of $661.30 is not currently supported, so $550.00 per month is not even a deviation. The proper amount of child support in this case might be $520.52.

Moreover, the AG stated that the wage assignment would be modified on the date of the most recent hearing, on November 21, 2017. However, if that wage assignment has been modified, it has not been filed pursuant to 5 GCA §34113(6) (B), which requires that an order for income withholding from an employer must be transmitted to the Judicial Hearings Division of the Superior Court. None is on file with the court, leaving open the possibility that the

---

[2] Custodial parent is attributed income of minimum wage full time because the children are now both over six and she is able to work.

court's deviation ordered in November has not yet taken effect. If a wage withholding order has not been served on the employer, then the Defendant may be \paying in significant excess of the child support required of him. CSED is directed to remedy this if necessary.

The deviation was ordered as a temporary deviation, and the court took under advisement whether to make the deviation down to $550 per month permanent. The deviation was ordered to begin on the date that the motion for a deviation was filed, which was June 23, 2017. Therefore, accrual of child support at $550 is to begin in July 1, 2017, and continue through the date of the hearing on the deviation. The amount of $520.52 is ordered to begin as the monthly child support on March 1, 2018. At the November 21, 2017 hearing Defendant agreed to pay $10 per month toward arrears, though arrears has yet to be finalized. Income Withholding Order(s) and a new Statement of Retroactive Support should be filed in this case. The case is set for July 31, 2018, for a Status Hearing at 2:00 p.m.

ORDERED this __19__ day of March, 2018.

_____
**B. ANN KEITH**
**Administrative Hearing Officer**
**Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_____
Date: 3-19   Time: 10 AM

_____
Deputy Clerk, Superior Court of Guam.